UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEELA TAYLOR, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| NORTH AMERICAN RECOVERY A/K/A N.A.R.; and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, LEELA TAYLOR, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney(s), alleges against the above-named Defendants, NORTH AMERICAN RECOVERY A/K/A N.A.R. ("N.A.R."); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

**DEFINITIONS**

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**PARTIES**

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Mount Vernon, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. N.A.R. maintains a location at 1600 W 2200 S, #410, West Valley City, Utah 84119.

8. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

**CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New York consumers who were sent letters and/or notices from N.A.R. concerning a debt owned by MERRICK BANK, which included the alleged conduct herein.

  The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

        15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to June 21, 2017, Plaintiff allegedly incurred a financial obligation to MERRICK BANK ("MERRICK").

16. The MERRICK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the MERRICK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the MERRICK obligation for business purposes.

19. The MERRICK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. MERRICK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before June 21, 2017, MERRICK referred the MERRICK obligation to N.A.R. for the purpose of collections.

22. At the time MERRICK referred the MERRICK obligation to N.A.R., the obligation was past due.

23. At the time MERRICK referred the MERRICK obligation to N.A.R., the obligation was in default.

24. Defendant caused to be delivered to Plaintiff a letter dated June 21, 2017, which was addressed to Plaintiff. **<u>Exhibit A</u>,** which is fully incorporated herein by reference.

25. The June 21, 2017 letter was sent to Plaintiff in connection with the collection of the MERRICK obligation.

26. The June 21, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. The June 21, 2017 letter is the initial written communication sent from Defendant to the Plaintiff.

28. Upon receipt, Plaintiff read the June 21, 2017 letter.

29. The June 21, 2017 letter provided the following information regarding the balance claimed due on the MERRICK obligation:

| ACCT # | CREDITOR | AMOUNT | INT | FEES | TOTAL |
|---|---|---|---|---|---|
| xxxx889 (redacted) | Merrick Bank | 925.04 | 0.00 | 0.00 | 925.04 |

30. The June 21, 2017 letter stated in part:

> As of the date of this letter, this is the amount due. Because of interest or other charges that may vary from day to day, the amount due on the day you pay may be greater.

31. N.A.R. did not provide any information regarding the rate of interest, the nature of the other charges, how any such charges would be calculated or what portion of the balance due, if any, reflects already accrued interest, late charges or other charges.

32. The total balance alleged to be due on the MERRICK obligation did not increase "because of interest or other charges that may vary from day to day."

33. MERRICK never authorized N.A.R. to charge or add interest to the balance of the MERRICK obligation.

34. MERRICK never authorized N.A.R. to add interest or other charges to the balance of the MERRICK obligation.

35. As some time prior to June 21, 2017, MERRICK ceased charging or adding interest to the balance of the MERRICK obligation.

36. As some time prior to June 21, 2017, MERRICK ceased adding interest or other charges to the balance of the MERRICK obligation.

## POLICIES AND PRACTICES COMPLAINED OF

37. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

   (d) Making a false representation of the character, amount legal status of the debt.

38. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

39. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

40. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

41. Defendant's June 21, 2017 letter would lead the least sophisticated consumer to believe that Defendant stated that the amount due could increase due to additional interest or other charges.

42. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

43. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the MERRICK obligation could increase.

44. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether the balance of the MERRICK obligation could increase due to interest or other charges.

45. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the MERRICK obligation could increase.

46. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to believe that the balance of the MERRICK obligation could increase due to interest or other charges.

47. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the MERRICK obligation could increase due to interest or other charges.

48. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

49. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

50. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest or other charges.

51. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

52. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

53. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

54. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest, late charges or other charges.

55. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest or other charges.

56. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add interest or other charges.

57. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

58. Defendants violated 15 U.S.C. § 1692e(5) by stating that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

59. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest or other charges when in fact the amount due would not and did not increase.

60. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

61. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

62. Defendants' representation that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase violated various provisions of the FDCPA including but not limited to:  15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

63. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

64. Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

65. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

66. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

67. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

68. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

69. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

70. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

71. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

  (e) Awarding post-judgment interest.

  (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: November 26, 2017

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.
> JONES, WOLF & KAPASI, LLC
> One Grand Central Place
> 60 East 42nd. Street, 46th Floor
> New York, NY 10165
> (646) 459-7971 telephone
> (646) 459-7973 facsimile
> jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

> *s/ Joseph K. Jones*
> Joseph K. Jones, Esq.

# Exhibit

# A

PO Box 505
Linden MI 48451-0505
ADDRESS SERVICE REQUESTED

# N.A.R.

801-236-3741
Toll Free: 1-800-364-6445
(Outside Salt Lake)

June 21, 2017

Reference #:

LELA TAYLOR

N.A.R.
1600 West 2200 South
STE 410
West Valley City, UT 84119

**\*\*\* Detach Upper Portion And Return With Payment \*\*\***

You are hereby notified the debt you owe to: Merrick Bank has been placed with N.A.R., Inc. for collections. The outstanding balance on this account is listed below.

Our address is: N.A.R., 1600 West 2200 South STE 410, West Valley City, UT 84119.

Merrick Bank's Acct #:                           For:

| ACCT # | CREDITOR | AMOUNT | INT | FEES | TOTAL |
|---|---|---|---|---|---|
|  | Merrick Bank | 925.04 | 0.00 | 0.00 | 925.04 |

Unless you, within thirty (30) days after receipt of this notice, dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If you notify us in writing within thirty (30) days after receiving this notice, that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you, if one exists, and a copy of such verification or judgment will be mailed to you by our office. If you make a written request within thirty (30) days after the receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Any returned check will be charged the maximum amount allowed by law.

As of the date of this letter, this is the amount due. Because of interest or other charges that may vary from day to day, the amount due on the day you pay may be greater.

If you would like to make a payment over the phone through our automated system at no additional charge, you can call toll free 1-866-571-9560. You will need the reference number of 1534466 when you call.

   \*\*\*You can pay your bill online!\*\*\* Log on to: www.PayNAR.com and enter your online payment code.
         Your online payment code is:   3-2610889-1534466-925.04

Would you like to communicate with us via email? If so, send a request to: Contact@NAR-Email.com.

Sincerely,
COLTON RICH
801-236-3741
Reference Number:

**IMPORTANT INFORMATION ON REVERSE SIDE**

IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE
INFORMATION BELOW AND RETURN THE ENTIRE LETTER TO US.

   

$

**Account Number**        **Payment Amount**        **Expire Date**        **CVV**

**Card Holder Name**        **Signature of Card Holder**        **Phone Number**